UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTELSAT CORPORATION,<br><br>      Plaintiff,<br><br>      v.<br><br>PALLYN INTERNATIONAL, INC.,<br><br>      Defendant<br>      Counterclaim-Plaintiff, | Civil Action No. 1:10-CV-01644<br>(ABJ) (AK) |

## MEMORANDUM OPINION

### I. BACKGROUND

Pending before the Court is a Motion for Default Judgment [7] by Plaintiff, Intelsat Corporation, for breach of contract and quantum meruit/unjust enrichment. On May 25, 2011, Plaintiff filed a Request for Entry of Default [5] under Fed. R. Civ. P. 55. The Clerk of Court made an Entry of Default as to Defendant [6] on May 26, 2011. Plaintiff then filed a Motion for Entry of Default Judgment [7] on June 7, 2011. The Motion was referred to a United States Magistrate Judge for determination pursuant to LCvR 72.2(a). An evidentiary hearing was held on September 21, 2011, at which Defendant did not appear.

## II. DISCUSSION

### A. Standard for Default Judgment

The clerk of court must enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Where the plaintiff's claim is not for a sum certain, the party must apply to the court for a default judgment. Fed. R. Civ. P. 55(b). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). The standard for default judgment is satisfied where the defendant makes no request to set aside the default and no suggestion that it has a meritorious defense. *J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011).

Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *U.S. v. Bentley*, 756 F. Supp. 2d 1, 3 (D.D.C. 2010). The court must then make a determination of the sum to be awarded. *Id.* "The court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.*

### B. Analysis

Plaintiff and Defendant entered into a Master Service Agreement on October 17, 2007, that called for subsequent Service Orders. (Pl.'s Exs. 1-2.) Service Order No. 20595 established a monthly recurring service fee of $11,445.00. (Pl.'s Ex. 2.) Defendant became delinquent on

the Service Order charges, eventually compiling over nine months' balance outstanding before Plaintiff terminated service. (Pl.'s Ex. 4.)

At the evidentiary hearing, Plaintiff offered John C. Nibecker as a witness. Mr. Nibecker serves as Senior Manager of Credit and Collections for Intelsat Corp. Mr. Nibecker testified that when he inquired about Defendant's delinquent bill, Defendant gave reasons why service should continue and asserted that it would pay its bill, prompting Plaintiff to continue service for a longer period of time than it otherwise would for a delinquent account.

Plaintiff requests $103,305.00 in outstanding invoices. (Pl.'s Ex. 4.) Plaintiff also requests $36,613.34 in interest based on an 18% per annum rate as set out in the Master Service Agreement. (Pl.'s Exs. 1, 5.) Therefore, the total amount requested is $139,918.34.

The Clerk of Court's Entry of Default as to Defendant [6] established Defendant's liability. Defendant offered no evidence prior to or at the evidentiary hearing disputing the sum to be awarded.

### III. CONCLUSION

For the foregoing reasons, this Court will grant Plaintiff's Motion for Judgment by Default [7] and will award damages totaling $139,918.34.

A separate Order of judgment will accompany this Opinion.

Date: September 23, 2011 _____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

3